LOTTINGER, Judge.
This matter was once before this court, Clarke v. Brecheen, 387 So.2d 1297 (La.App. 1st Cir. 1980), writs denied, 394 So.2d 606 and 607 (La.1980), at which time we reversed the judgment of the trial court and remanded, “so that the succession executrix can decide which option to take and so that the amount of rents actually collected from date of judicial demand can be determined, and a final judgment rendered.” See the original opinion by this court for a full recitation of the facts and law.
On remand, the testamentary executrix made her election from the available options. Both parties stipulated that the total rent due from defendant to plaintiff was $4,240.00 for the period of time since judicial demand, and that the enhanced value of the property from the improvements made by defendant prior to the filing of this suit was $1,750.00. A judgment was rendered accordingly.
Subsequently defendant, Brecheen, applied for a partial new trial, contending *551 that the trial court erred in not allowing defendant to set off certain expenses incurred by him which were necessary for the preservation of the property. Additionally, the trial court judgment on remand ordered defendant to pay all costs, whereas the judgment of this court ordered only that defendant pay the cost of the appeal, and defendant also applied for a new trial on those grounds. In applying for the new trial, defendant argued that the judgment was contrary to the law and evidence. La. C.C.P. art. 1972. The trial court denied the motion for a partial new trial. The defendant has appealed.
We find no error on the part of the trial court in not considering the set off of additional expenses and in taxing costs in the trial court to the defendant.
On remand, plaintiff and defendant stipulated to the rental and enhanced value figures, and neither sought the introduction of any additional evidence. The only evidence before the trial court prior to its judgment on remand was that stipulated to. Therefore, since the trial court had before it only that evidence which was stipulated to, and its judgment on remand was based on that evidence, it cannot be said that the judgment is contrary to the law and evidence.
The defendant-appellant does not claim that expenses he sought to set off was evidence discovered since the trial and important to the cause, which he could not, with due diligence, have obtained before or during the trial.[1] Since the judgment is not clearly contrary to the law and evidence and there was no newly discovered evidence subsequent to the judgment, no peremptory grounds exists under La.C.C.P. art. 1972.
It is not claimed by defendant that good ground was shown, La.C.C.P. art. 1973, for the granting of a new trial, but even if same was so claimed, we would find no abuse of discretion on the part of the trial judge in denying a new trial.
In our original opinion wherein we remanded this matter to the trial court, we held the defendant was to pay all costs of the appeal, not mentioning the cost in the trial court. Since this matter was being remanded to the trial court, it was proper for the trial court judge to fix costs in the trial court under the authority of La.C.C.P. art. 1920. We find no error or abuse of discretion on the part of the trial court judge.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed. All costs, both in this court and in the trial court are assessed to defendant-appellant.
AFFIRMED.

. Defendant-appellant’s brief provides a description of each item claimed in the set off, and each was in existence and presumed known to the defendant well prior to the trial court judgment on remand.